

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

**GERALD C. MANN**
**ATTORNEY GENERAL**

Honorable Frank B. Lloyd
District Attorney
79th Judicial District
Alice, Texas

Dear Sir:

Opinion No. O-1824
Re: Is the license of a physician who has been convicted of murder and received a suspended sentence subject to revocation.

We have your letter of December 28, 1939, wherein you request our opinion on the following question:

"In view of Articles 4506 and 4507 of the Revised Statutes of Texas, as amended by the 46th Legislature, is a physician, properly licensed and authorized to practice medicine in Texas, who has been convicted of the offense of murder and has received a suspended sentence, subject to a revocation, suspension or cancellation of his license to practice medicine in the State of Texas?"

The applicable portion of Article 4505 and all of Article 4506, Vernon's Annotated Civil Statutes of Texas as amended in 1939 by H. B. 148, 46th Legislature, read as follows:

"Article 4505. The State Board of Medical Examiners may refuse to admit persons to its examinations and to issue license to practice medicine to any person, for any of the following reasons:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

" . . .

"(2) Conviction of a crime of the grade of a
felony, or one which involves moral turpitude . . ."

"Article 4506. The District Courts of this
State shall have the right to revoke, cancel, or
suspend the license of any practitioner of medi-
cine upon proof of the violation of the law in any
respect in regard thereto, or for any cause for
which the State Board of Medical Examiners shall be
authorized to refuse to admit persons to its exam-
ination, as provided in Article 4505 of the Revised
Civil Statutes of Texas of 1925, as amended by this
Act, and it shall be the duty of the several Dis-
trict and County Attorneys of this State to file
and prosecute appropriate judicial proceedings for
such revocation, cancellation, or suspension, in
the name of the State, on request of the Board of
Medical Examiners."

We believe that the phrase "the violation of the
law in any respect in regard thereto" as used in Article 4506,
supra, refers only to such laws as relate to the issuance,
suspension or revocation of the license to practice medicine,
rather than to the violation of the laws of the State gener-
ally.

Your question, therefore, resolves itself to a con-
struction of the word "conviction," as used in paragraph (2)
of Article 4505. Does it mean a jury finding of guilty upon
an indictment for a felony or does it mean a final conviction?

Where a suspended sentence has been granted "neither
the verdict of conviction nor the judgment entered thereon
shall become final . . ." Article 77 8, Code of Criminal Pro-
cedure, 1925. "Under the terms of our statute relative to
suspended sentence, it has been held that in a case where one
received such sentence the judgment is not final and cannot
be appealed from" -- Jones v. State, 281 S. W. 1072. If by
the word "conviction" as used in Article 4505, the Legisla-
ture intended to mean only a final conviction, clearly a physi-
cian would not be subject to a revocation of his license to
practice medicine, where his sentence had been suspended upon
conviction of a felony.

The courts have so construed the word "convicted" in the statute (since amended) which made one who had been convicted of a felony incompetent as a witness. See Espinosa v. State, 165 S. W. 208; Simonds v. State, 175 S. W. 1064; Coleman v. State, 187 S. W. 481.

On the other hand, the courts have given the opposite construction to the same word when used in certain other statutes. We quote from the opinion of Judge Lattimore of the Court of Criminal Appeals in Hill v. State, 243 S. W. 982:

"It seems clear . . . that by the use of the words 'convicted of a felony' in sections 1, 2, 3, and 5 of the statute under discussion (the suspended sentence law, Article 865b-1, Code of Criminal Procedure) was meant that status resulting from a judgment based on the verdict of a jury finding the accused guilty of some felony. The term 'conviction' is used in many of our statutes in much the same sense. . . . Our conclusion from the above statements that one 'convicted of a felony' whose sentence is suspended is within the comprehension of this statute, when it used the expression 'convicted of a felony.'"

Likewise the Court of Criminal Appeals of Texas has construed the word "conviction" as used in Article 4, Section 11 of the Texas Constitution as meaning merely a verdict of guilty, rather than a final conviction. See: Goss v. State, 298 S. W. 585 and Duke v. State, 291 S. W. 539. In the Duke case, Judge Morrow used the following language:

"According to the weight of the precedents, it seems, in its relation to the power to pardon, the term 'conviction' refers to a verdict of 'guilty' by a jury and is not restricted to a final judgment on such verdict."

It is apparent from the foregoing that the Texas courts have not followed any fixed interpretation of the word "conviction" as used in various statutes. The question has not been directly raised under the statute under consideration. Revocations of physicians' licenses upon other grounds, under this statute (prior to its 1939 amendment) have been twice sustained in the cases of Cunningham v. State ex rel Shook, 79

Honorable Frank B. Lloyd, Page 4

S. W. (2d) 180 (writ of error refused) and Speer v. State, 109 S. W. (2d) 1150 (writ of error dismissed).

We enclose herewith copy of our Opinion No. O-1894, addressed to the Hon. Bert Ford, wherein the word "convicted" as used in the Texas Liquor Control Act is construed. The Opinion reviews decisions from other states which indicate that the weight of authority is in favor of the view that "conviction" means a _final_ conviction unless a contrary intent is manifested by the statute in which the word is used.

We conclude, therefore, that the phrase "conviction of a crime of the grade of felony," as used in section (2) of Article 4505, Revised Civil Statutes of Texas, should be construed to mean _final_ conviction. Consequently, a physician who had received a suspended sentence upon a conviction of a felony, would not be subject to have his license to practice medicine revoked upon that ground alone, since his conviction would not be final. We wish to point out that neither the courts of civil appeals nor the supreme court of Texas have passed upon the question, wherefore our opinion hereon cannot be given the same weight as though it were based upon the prior decisions of our appellate courts before whom this question may be presented.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_

Walter R. Koch
Assistant

WRK:BDB

APPROVED FEB 29, 1940

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE